# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ROBERT MORALES,

               Plaintiff,

   v.

KATHY ELLISON, et al.,

               Defendants.

_____/

CASE NO. 1:05-CV-00514-AWI-LJO-P

ORDER DISMISSING PLAINTIFF'S
COMPLAINT, WITH LEAVE TO AMEND

(Doc. 1)

I.    <u>Screening Order</u>

    A.    <u>Screening Requirement</u>

        Plaintiff Robert Morales ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on April 19, 2005.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

1

1    A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

2    which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

3    support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467

4    U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt

5    Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this

6    standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg.

7    Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most

8    favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395

9    U.S. 411, 421 (1969).

10    B.    Summary of Plaintiff's Complaint

11    The events at issue in the instant action allegedly occurred at the California Substance Abuse

12    Treatment Facility and State Prison-Corcoran, where plaintiff is presently incarcerated.  Plaintiff

13    names Kathy Ellison, Dr. Shu-Pin Wu, Dr. Klarich, and D. Bowen as defendants.  Plaintiff is seeking

14    money damages and an injunction requiring prison officials to provide plaintiff with adequate

15    medical care.

16    In his complaint, plaintiff alleges that in late spring or early summer of 2004, he developed

17    white bald patches on his neck and head.[1]   Plaintiff was subsequently diagnosed with

18    hypothyroidism.  At the time, plaintiff was under the care of defendant Wu, who prescribed cortisone

19    shots for the skin condition and told plaintiff to return for an injection if the cream did not work.

20    Plaintiff returned to defendant Wu after the cream failed to work.  Defendant Wu spoke with plaintiff

21    regarding his thyroid condition but when plaintiff reminded him of the skin problem and injection,

22    defendant told plaintiff to leave.  Plaintiff alleges that his skin condition worsened and several

23    officers noticed the condition and suggested plaintiff seek medical treatment.  Plaintiff's sister also

24    contacted the institution on multiple occasions concerning care for plaintiff's skin condition.

25    In August of 2004, plaintiff filed an inmate appeal concerning defendant Wu's refusal to

26    provide plaintiff with treatment by injection.  Defendant Ellison responded to the appeal and denied

27

28    [1] According to the medical records plaintiff submitted in support of his complaint, plaintiff was diagnosed with alopecia areata.  (Exhibit D, p. 4-14.)

2

1   it. In November of 2004, plaintiff was prescribed a cortisone injection for treatment. Upon return

2   to the institution from the outside hospital, plaintiff's medication was confiscated by two

3   transportation officers. In December of 2004, defendant Ellison advised that the medication

4   approved by the outside doctor had to be approved by doctors at the institution. It was subsequently

5   reported to plaintiff's sister that prescriptions written by outside doctors are considered to be

6   recommendations only and the final decision on prescriptions is made by defendant Klarich, the

7   Chief Medical Officer. A prescription for Rogaine was denied by the CMO and plaintiff was treated

8   with cortisone cream only.

9            C.    Plaintiff's Eighth Amendment Medical Care Claim

10           To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

11  conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452

12  U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an

13  Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal

14  civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate

15  indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett

16  v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in

17  a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to

18  inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may

19  be manifested "when prison officials deny, delay or intentionally interfere with medical treatment,"

20  or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d

21  1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133,

22  1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment,

23  the delay must have led to further harm in order for the prisoner to make a claim of deliberate

24  indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd.

25  of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

26           "Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this

27  standard, the prison official must not only 'be aware of the facts from which the inference could be

28  drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"

                                        3

1  Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the

2  risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the

3  risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

4  With respect to defendant Wu, plaintiff has not alleged any facts that would support a claim that

5  defendant knowingly disregarded an excessive risk to plaintiff's health. Farmer, 511 U.S. at 837.

6  Plaintiff's disagreement with defendant's decisions concerning treatment for his skin condition is

7  not grounds for imposing liability under section 1983. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th

8  Cir. 1981) (internal citation omitted).

9       Defendants Ellison and Bowen's involvement appears to be limited to responding to

10  plaintiff's appeal concerning treatment of his skin condition. In addition to responding to plaintiff's

11  appeal, defendant Klarich apparently denied the prescription for Rogaine that plaintiff desired to be

12  filled. As a general principle, actions in reviewing prisoner's administrative appeal cannot serve as

13  the basis for liability under a § 1983 action. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.

14  1993). In order for plaintiff to pursue a claim for relief against defendants, plaintiff must allege facts

15  that would support a claim that defendants "deprived the [plaintiff] of the 'minimal civilized measure

16  of life's necessities,'" and "'acted with deliberate indifference in doing so.'" Toguchi, 391 F.3d at

17  1057 (quoting Hallett, 296 F.3d at 744). The court reviewed plaintiff's allegations and exhibits, and

18  finds that there is no basis stated upon which to impose liability on defendants for violating

19  plaintiff's rights under the Eighth Amendment. Plaintiff's exhibits establish that plaintiff was

20  provided with treatment for his skin condition. Plaintiff's disagreement with the treatment provided

21  does not give rise to a claim for relief under section 1983. With respect to the prescription for

22  Rogaine, a difference of opinion between medical personnel regarding treatment does not amount

23  to deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Thus, defendant

24  Klarich's decision not to authorize Rogaine does not give rise to a claim for relief under section

25  1983.

26  ///

27  ///

28  ///

1       D.    <u>Conclusion</u>

2          The court finds that plaintiff's complaint does not contain any claims upon which relief may

3 be granted under section 1983. The court will provide plaintiff with the opportunity to file an

4 amended complaint curing the deficiencies identified by the court in this order.

5          Plaintiff is informed he must demonstrate in his complaint how the conditions complained

6 of have resulted in a deprivation of plaintiff's constitutional rights. <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d

7 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is

8 involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

9 connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S.

10 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740,

11 743 (9th Cir. 1978).

12          Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be

13 complete in itself without reference to any prior pleading. As a general rule, an amended complaint

14 supersedes the original complaint. <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once

15 plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

16 Therefore, in an amended complaint, as in an original complaint, each claim and the involvement

17 of each defendant must be sufficiently alleged.

18          Accordingly, based on the foregoing, it is HEREBY ORDERED that:

19         1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims

20                upon which relief may be granted under section 1983;

21         2.      The Clerk's Office shall send plaintiff a civil rights complaint form;

22         3.      Within **thirty (30) days** from the date of service of this order, plaintiff shall file an

23                amended complaint; and

24 ///

25 ///

26 ///

27 ///

28 ///

4.       If plaintiff fails to file an amended complaint in compliance with this order, the court

will recommend that this action be dismissed, without prejudice, for failure to state

a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:     September 19, 2005**              _____/s/ Lawrence J. O'Neill_____
b9ed48                                                              UNITED STATES MAGISTRATE JUDGE

6