# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ROBERT MORALES,

Plaintiff,

v.

KATHY ELLISON, et al.,

Defendants.

/

CASE NO. 1:05-CV-00514-AWI-LJO-P

FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983

(Doc. 9)

I. Findings and Recommendations Following Screening of Amended Complaint

A. Screening Requirement

Plaintiff Robert Morales ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 19, 2005. On September 19, 2005, the court dismissed plaintiff's complaint, with leave to amend, for failure to state a claim upon which relief may be granted under section 1983. Plaintiff filed an amended complaint on October 25, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

///

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B. Summary of Plaintiff's Amended Complaint

The events at issue in the instant action allegedly occurred at the California Substance Abuse Treatment Facility and State Prison-Corcoran, where plaintiff is presently incarcerated. Plaintiff names Kathy Ellison, Dr. Wu, Dr. Klarich, and D. Bowen as defendants. Plaintiff is seeking money damages and an injunction requiring prison officials to provide plaintiff with adequate medical care.

In his amended complaint, plaintiff alleges that in late spring or early summer of 2004, he he developed white bald patches on his neck and head. Plaintiff was also coughing up blood at the time. Plaintiff was subsequently diagnosed with hypothyroidism. At the time, plaintiff was under

the care of defendant Wu, who prescribed cortisone shots for the skin condition and told plaintiff to return for an injection if the cream did not work. Plaintiff returned to defendant Wu after the cream failed to work. Defendant Wu spoke with plaintiff regarding his thyroid condition but when plaintiff reminded him of the skin problem and injection, defendant told plaintiff to leave. Plaintiff alleges that his skin condition worsened and several officers noticed the condition and suggested plaintiff seek medical treatment. Plaintiff's sister also contacted the institution on multiple occasions concerning care for plaintiff's skin condition.

In August of 2004, plaintiff filed an inmate appeal concerning defendant Wu's refusal to provide plaintiff with treatment by injection. Defendant Ellison responded to the appeal and denied it. In November of 2004, plaintiff was prescribed a cortisone injection for treatment. Upon return to the institution from the outside hospital, plaintiff's medication was confiscated by two transportation officers. In December of 2004, defendant Ellison advised that the medication approved by the outside doctor had to be approved by doctors at the institution. It was subsequently reported to plaintiff's sister that prescriptions written by outside doctors are considered to be recommendations only and the final decision on prescriptions is made by defendant Klarich, the Chief Medical Officer. A prescription for Rogaine was denied by the CMO and plaintiff was treated with cortisone cream only.

C. Plaintiff's Eighth Amendment Medical Care Claim[1]

Plaintiff alleges that he was not provided with adequate treatment for his condition and that his right to the treatment prescribed by the outside physician was violated. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'"

[1] Plaintiff's reference to the Due Process Clause is disregarded. When a convicted prisoner alleges deliberate indifference to his serious medical needs, the claim is brought pursuant to the Eighth Amendment, not the Due Process Clause.

Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff's allegations are insufficient to give rise to a claim for relief under section 1983 for violation of the Eighth Amendment. "Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff's assertion that he had a right to receive the treatment prescribed by the outside physician is without merit. "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim," Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted), and a difference of opinion between medical personnel regarding treatment does not amount to deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

Plaintiff has not alleged any facts that support a claim that any of the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer, 511 U.S. at 837. Plaintiff's disagreement with the decisions concerning treatment for his skin condition, including the decision not to prescribe all of the medication recommended by the outside doctor, does not support a claim for relief under section 1983. Franklin, 662 F.2d at 1344 (internal citation omitted); Sanchez, 891 F.2d at 242.

D. Conclusion

The court finds that plaintiff's amended complaint does not contain a claim upon which relief may be granted under section 1983 for deliberate indifference to plaintiff's serious medical needs, in violation of the Eighth Amendment. Plaintiff was previously provided with the opportunity to amend but was unable to cure the deficiencies. Plaintiff disagrees with the course of treatment prescribed by prison officials and disagrees with prison officials' failure to follow the course of treatment recommended by an outside dermatologist. This disagreement is insufficient to give rise to a claim for relief under section 1983 for violation of the Eighth Amendment. Accordingly, the court HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: May 18, 2006** **/s/ Lawrence J. O'Neill**
b9ed48 UNITED STATES MAGISTRATE JUDGE